RELATED DDJ



```
1  B. WILLIAMS
   9025 WILSHIRE BLVD. PH. STE. 500
2  BEVERLY HILLS, CLIFORNIA 90211-1867
3  In Propria Persona, individually and on behalf
   Of all other persons and class similarly situated,
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

B. WILLIAMS individually, on behalf of himself, the general public and on behalf of all other persons and class similarly situated, that is, a class of claimants whose rights were violated as were Williams'

Plaintiff,

v.

**TAHAZ MOTORS GROUP, INC.**, a California Corporation, individually, **dba:** TMG Auto Sales, **aka:** TMG Auto Group, a California Corporation, (C4257681) **individually; WISSAM NAJI TAHA, aka:** Sam Taha, **individually,** and in his official capacity as DIRECTOR, of TMG Auto Sales, **aka:** Tahaz Motors Group, Inc., **dba:** TMG Auto Group, a California Corporation, (C4257681) **individually; SAM TAHA, aka:** Wissam Naji Taha, and in his official capacity as PRESIDENT/CEO/CFO/SECRETARY and as various other names being used as the owner of TAHAZ MOTORS GROUP, INC., a California Corporation, individually, **dba:** TMG Auto Sales, as a California Corporation, (#C4257681) individually, **aka:** TMG Auto Group, **individually; FABIO LOZANO,** individually, **aka:** John Doe Salesman, **individually;** and **DOES 1 through 200, inclusive,**

Case No.: **8:23-cv-01678-AB-SP**

**COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

1. Violation of the American with Disability Act of (1994) 1990, 42 U.S.C. §12101, et seq.
2. Unruh Civil Rights Act **(Civ. C. §51 & 52)**
3. Deliberate Indifference;
4. Violation of First Amendment
5. Violation of Fourteenth Amendment (Equal Protection and Due Process);
6. Premises Liability-Assault
7. Loss of Enjoyment of Life
8. Negligence
9. Negligence **(C.C. §1714)**
10. Violation of B&P Codes §17200 et seq.
11. Violation of B&P Codes §17500 et seq.
12. FOR NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION
13. Aiding and Abetting;
14. Conspiracy;
15. FRAUD
16. Intentional Misrepresentation
17. Intentional Fraud and Deceit **(C.C. §1710)**
18. FRAUDULENT CONCEALMENT;
19. Promissory Estoppel
20. False Promises Fraud;
21. FRAUDULENT MISREPRESENTATION;
22. NEGLIGENT MISREPRESENTATION;
23. PROMISE MADE WITHOUT INTENTION TO PERFORM

|  | 24. Intentional Infliction of Emotional Distress; |
| --- | --- |
|  | 25. Negligent Infliction of Emotional Distress; |
|  | 26. Intentional Interference of Emotional Tranquility; |
|  | 27. Negligent Interference of Emotional Tranquility; |
|  | 28. Breach of Covenant of Good Faith and Fair Dealing; |
|  | 29. Economic Damages |
|  | 30. Non- Economic Damage |
|  | 31. DECLARATORY RELIEF |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

## JURISDICTION AND VENUE

**PLEASE TAKE NOTICE** that, the jurisdiction and the Venue of this District Court is invoked and is proper on the basis of the existence of a federal question pursuant to **28 U.S.C. §1367; §1391, §3231**, in that the claims asserted in this complaint to the United States District Court for the Central District of California – Western Division of the State Court action describe below arose in the Central District of California.

This action arises under the Constitution of the United States, the Federal Civil Rights Act, **42 U.S.C.A. §§1983, et seq.,** In accordance with **28 U.S.C. §§1331, 1343(a)(1)(2)(3) and (4)** and arises under **15 U.S.C. §1681p**, of the Federal Claims, and Defendants' conduct affects and interferes with interstate commerce which makes the basis of these issues based on Federal Statutes and Questions of Federal Constitutional Law. Jurisdiction also exists under the Declaratory Judgment Act, **28 U.S.C. §§2201(a), and 2202**. This Court has jurisdiction over Plaintiff's pendant or supplemental claims under **28 UCS §1367(a)** that they form part of the same case or controversy. **U.S.C. Art 3 and Cal. Civil Code §1032, §3300, and §3333**. Plaintiff submits the following short, plain statement of the grounds.

"The United States Supreme Court holds allegation of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove No! Set of facts in support of his claim which would entitle him to relief." "We conclude that he is entitled to an opportunity to offer proof." *Haines vs. Kerner* (1942) 404 US 519 **HN 1, 2, 3.**

As Chief Justice Burger has written: "[Under] our adversary system an Appellate Court cannot function efficiently without lawyers to present whatever there is to be said on behalf of an appellant, however meager his claims may be, so that the court can make an informal appraisal." *(Johnson vs. United States* (1966) 360 F. 2d 844, 847 [124 App. D.C. 29] concurring opinion.) Cited In *People vs. Smith,* (1970) 3 Cal. 3d 192.

Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. See *Karim-Panahi v. Los Angeles Police Dep't* (9th Cir. 1988) 839 F.2d 621, 623; *Noll vs. Carlson* (9th Cir. 1987) 809 F.2d 1446 1448. Moreover, in determining whether a complaint states a claim up which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States* (9th Cir.1989) 915 F.2d 1242, 1245; *Gressley vs. Williams* (1961) 193 CA 2d 636, 639, 14 CR 496, 498; *Balistreri vs. Pacifica Police Dep't,* (9th Cir. 1988) 901 F.2d 696, 699.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).

Since Plaintiff is appearing Pro Se, the Court must construe the allegation of the Complaint liberally and must afford Plaintiff the benefit of any doubt. (*Karim-Panahi vs. Los Angeles Police Dep't.* (9th Cir. 1988) 839 F 2d 621, 623; *Noll vs. Carson* (9th Cir. 1987) 807 F.2d 1446, 1448.) Moreover, in determining whether a Complaint states a

claim upon which relief may be granted, allegations of material fact are taken as true and construed in light most favorable to the Plaintiff. (*Love vs. United States* (9th Cir. 1989) 915 F.2d 1242, 1245.)

When determining whether a claim has been stated, the court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese vs. BP Exploration (Alaska) Inc.,* (9th Cir. 2011) 643 F.3d 681, 690). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."" *Ashcroft vs. Iqbal,* (2009) 556 U.S. 662, 678, (quoting *Bell Atl. Corp. vs. Twombly,* (2007) 550 U.S. 544, 570.). a claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Moreover, this Court may exercise supplemental jurisdiction over Plaintiff's state tort law claim against defendants pursuant to **28 U.S.C. § 1367(a)** only so long as there exists an independent basis for federal jurisdiction. If Plaintiff does not amend his complaint properly to state a cause of action against the municipal defendants, or to name 'the individual defendants, this supplemental state law claim cannot proceed in federal court.

1. Plaintiff, is a Black, African American who is **Disabled**, and has been for many years now by the State of California Doctors, who have declared a permanent disability that places Plaintiff, under the **American with Disability Act, of 1964**, and Plaintiff wears a Bright Yellow Neon Vest that clearly states [Mobility and Vision Impaired] to put anyone around him on notice.
2. PLAINTIFF alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged and therefore Plaintiff is and has entitlement to monetary relief on the basis that Defendants violated such statutes, decisional laws and regulations.
3. On or about in **August 2021,** Plaintiff, was responding to a CARFAX online sales ad for a **2008 Chrysler Town & Country Touring Van** that was being sold at: *7479 Orangethorpe Ave. Suite #C, in Buena Park, Ca 90621*. The vehicle was in Plaintiff, price range for what Plaintiff was able to afford at that time to be able to put his wheelchair ♿ into & have with him.

4. Upon arriving Plaintiff, had been shown around and was ask the usually nosey financial questions: How are you going to pay? Finance, Bank Loan, Credit Union, Cash, etc… Plaintiff was even further questioned like, So, how many kids do you have? Are you married? Is this going to be a work or family vehicle? How's your credit if you want to finance the vehicle.

5. During, the course of the showing of the vehicle Plaintiff, had been struck on the center top of his head by a Chrysler Town & Country Rear Door Hatch as it was opening but the hydraulic pistons which actually are supposed to hold open the rear door blew out and the very heavy rear door did fall on Plaintiff's head and the sales person who was nearly 6'0 if not taller didn't even attempt to try and catch the [mammoth] rear electrical door.

6. Plaintiff, was then allowed to be still for a brief time to catch his composure from what had just happen after being stuck dead center on his head by the door as the salesman was taking a look at the rear door hydraulic struts to see if there was maybe more to the blow-out than what was actually going on. Plaintiff, after getting his balance and looking over the minivan was taken into the dealer's office and was introduced to the boss who then gave Plaintiff his business card.

7. After a few weeks of trying to shake the feeling off but unable to shake the headaches, sore eyes, tiredness, lack of hunger, very fatigue, and much more Plaintiff ended up in Cedars Sinai where it had been determined that Plaintiff had suffered and is still suffering from what is called *{"POST CONCUSSION SYNDROME"}* and Plaintiff had been on the waiting list to have the CSMG Dept. of Neurology do more the just the CT scan that had been performed on him in the emergency room at Cedars Sinai.

8. Plaintiff's head injury did occur in the middle of August and Plaintiff did end-up in the *emergency room* on or about *September 8th thru 9th, 2021* and therefore has had since August a difficult time in trying to function and take care of himself properly and accordingly since the **CONCUSSION**.

9. On *November 11th 2021* Plaintiff, was further seen by two (2) Doctors by the names of **Dr. Louie Cao and Dr. Lili Shek,** at the Adult Care Clinic on Alden Drive as scheduled by the CSMG Department with Plaintiff to have more follow-up appointments with both doctors again for another six months.

10. On *December 2nd, 2021*, *Dr. Ilana Ester Lasner*, at the Los Angeles Clinic & Research Institute whom is a ***Doctor of Osteopathy in Neurology*** did come to a further medical conclusion that Plaintiff, is in need of **Physical, Speech and Occupational Therapy** *(for his memory)*.

**5**
**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

11. On **December 16th, 2021** Plaintiff was further seen again both Doctors **Dr. Louie Cao and Dr. Lili Shek,** and based upon the medical findings by **Dr. Lasner** just weeks prior now showed that Plaintiff was not recovering as previously thought due to the need for **Physical, Speech and Occupational therapy as needed and scheduled by Dr. Lasner** (Plaintiff's Neurology Doctor of Osteopathy.)

12. On **February 24th, 2022,** Plaintiff, saw *Dr. Ilana Ester Lasner*, again on **May 5th, 2022** at the Los Angeles Clinic & Research Institute and she is still coming to a medical conclusion that Plaintiff, is in need of more **Physical, Speech and Occupational Therapy** *(for his memory).*

13. On *August 4th, 2022, Dr. Ilana Ester Lasner*, at the Los Angeles Clinic & Research Institute saw Plaintiff, and Plaintiff, had his follow-up visit on September 27th, 2022 with both his Doctors **Dr. Louie Cao and Dr. Lili Shek.** The following month for his Physical Therapy treatments and progress in his muscle movements.

14. On **November 17th, 2022** *Dr. Ilana Ester Lasner*, saw Plaintiff, regarding his treatments and for the progress in his **Neurology, Physical, Speech and Occupational Therapy** movements. To this date Plaintiff, is and has been still having to see a Neurologist for his injuries.

15. Plaintiff is and at all times mentioned is a citizen of the State of California and at all times mentioned in this complaint Plaintiff is and was at said time of the stated alleged facts herein a resident of the City of Los Angeles, in the County of Los Angeles, in the State of California.

16. That the true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise, of defendants sued herein as DOES 1 through 200. Inclusive, are presently unknown to Plaintiff, who has reason to believe that each of said Defendants was and at all times herein mention acting with the course, scope, and purpose of said agency, employment, business enterprise and joint venture in some manner, responsible for the incident, injuries and damages hereinafter alleged and who therefore sue said Defendants by such fictitious names. At this time Plaintiff is unaware of the exact identity of the DOE(S) DEFENDANTS. Plaintiff shall seek leave of the court to amend this complaint to show the true names and capacities of said defendants when ascertain.

17. Plaintiff is informed and believes and based thereon alleges that the negligently, recklessly, intentionally, tortuously, and unlawfully responsible in some wilful [W]anton manner for the events and happenings and the above-mention malicious conduct herein referred to and

negligently, recklessly, intentionally, tortuously, unlawfully committed all reprehensibility [overt acts] or omissions to act, were the legal (proximate) cause of injuries and damages to plaintiff by the Defendants extreme recklessness negligent overt actions that were committed with maliciousness through vile conduct mentioned above and acted with malice and oppression with the intent to vex, annoy, frighten, and injure the Plaintiff intentionally, and purposely by Fraudulent Concealment and Fraudulently Misrepresentations of the true facts as a whole (not in-part) which further and legally caused injury and damages thereby hereinafter alleged to which caused directly Plaintiff, to sustained his injures as herein alleged and are therefore responsible for their own conduct to which attributed to the Defendants actions for the events and happenings herein referred to and the injuries and damages there by to Plaintiff as herein alleged that was not the personal conduct of an individual defendant and was the personal conduct of agents, servants, partners, independent contractor, co-venturer, co-tortfeasor, employers and employees of said defendant(s) and each of the remaining defendants, and acted at all times of each other and were acting within the course, purpose and scope of said agency, and employment, independent contractors, or service and with the permission and consent of each other Defendants and in said capacity along with each of them in their individual capacities and employment therefore to which is liable in some manner and that such negligent conduct was authorized or ratified by said defendants' and in the case of any corporate defendant engaged is authorized or ratified such conduct to which caused damages directly to Plaintiff, complained thereof herein this Complaint. Plaintiff is alleging causes of action against each DOE Defendant under every theory of recovery and /or cause of action set forth below which caused directly Plaintiff, **WILLIAMS** to sustained his injuries.

18. Plaintiff is informed and believes and based thereon upon such information and belief thereon the Defendants, and each of them, was not the personal conduct of agents, servants, partners, independent contractor, co-venturer, co-tortfeasor, employers and employees of said defendant(s) but was the conduct of each and all of the remaining defendants, and acted at all times of each other and were acting within the course, purpose and scope of said agency, and employment, independent contractors, or service and with the permission and consent of each other Defendants and in said capacity along with each of them in their individual capacities and employment therefore to which is liable in some manner and that such negligent conduct was authorized or ratified by said defendants' and in the case of any corporate defendant engaged is

authorized or ratified by said defendant(s) in common scheme and in the case of any corporate defendant and officer, director or managing agent of said corporate defendant did engaged in **[C]onspiracy to [Aiding and Abetting]** and that such conduct to which caused damages directly to Plaintiff, complained thereof herein.

19. Plaintiff is alleging causes of action against each DOE Defendant under every theory of recovery and/or cause of action set forth below which caused directly Plaintiff, to sustained his injuries. At this time Plaintiff, is unaware of the exact identity of the employees or agents of and **DOES 1 through 200, inclusive.** Plaintiff will amend this complaint when same has been ascertained.

20. PLAINTIFF is informed and believes that the Defendants committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to identify said wrongful act, and will seek leave of court to amend this Complaint to add said acts upon discovery.

21. The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation **or** discovery during the tendency of the action herein.

22. At all times mentioned Plaintiff, **WILLIAMS** (hereinafter identified as **"PLAINTIFF"** throughout this complaint) is a competent adult and at all times mentioned herein is a resident of the County of Los Angeles, and is a citizen of the State of California.

23. At all times herein mentioned, **JOHN DOE(S) AND/OR JANE DOE(S)** (herein referred to as the Defendants) is and at all times mentioned as a form unknown to Plaintiff doing business in the County of Los Angeles, State of California.

24. **JOHN DOE(S)** and/or **JANE DOE(S)** defendants: **DOES 1 through 200, inclusive,** are persons who capacities are unknown currently to plaintiff at the time of filing.

25. At all relevant times, Plaintiff alleges that the acts of Defendants and DOES 1 through 200, inclusive, committed all *reprehensibility* **[overt acts] or omissions to act,** were the legal (proximate) cause of injuries and damages to plaintiff by the Defendants extreme recklessness **negligent overt actions** that were committed **with maliciousness through vile conduct** mentioned above and acted with *malice and oppression with the intent to vex, annoy, frighten, and injure the Plaintiff intentionally,* **negligently, tortuously and purposely** by **Fraudulent Concealment and Misrepresentations** of the true facts from Plaintiff, the Jurist and the Judicial

System as a whole (not in-part) the Defendants and DOES 1 thru 200, by and thru [w]anton wrongful acts, therefore Plaintiff is further entitled to interest and damages pursuant to Civil Codes 3288-3289 and 3291 Post-judgment interest at the legal rate of **10% per annual** herein mentioned occurred on or about between from August 2021 thru Now at the time of this filing in the County of Los Angeles, State of California.

26. Defendant, through **vile conduct** mentioned above acted with **malice, oppression** and **fraud** with the intent to **vex, annoy, frighten, and injure the much older ADA** Plaintiff who is up in age and who was past the age of **fifty (55) years of age** at that. As a further direct and legal result of the Defendant's above-mentioned **malicious conduct** the Plaintiff has suffered a loss of earned income, and a loss of future earned income. Plaintiff is therefore entitled to *Statutory, General, **Punitive, Treble**, Compensatory, **Monetary**, Nominal, **Exemplary**, Economical, Non-Economical, Special and Consequential Damages and other **Damages** against Defendant(s)* <u>*in an amount to make an example of said Defendants.*</u>

27. PLAINTIFF brings this action as an Individual, on behalf of himself, the general public and on behalf of all other persons and class similarly situated, consisting of all persons of the following proposed Class issues:

28. The matter in damages sought by PLAINTIFF in this action/controversy far exceeds the minimum jurisdictional amount of this court, Twenty-Five Thousand Dollars ($25,000) exclusive of interest and costs, and as to the jurisdictional amount, this court has jurisdiction of the matter. PLAINTIFF has sustained Statutory, General, **Punitive, Treble,** Compensatory, **Monetary**, Nominal, **Exemplary**, Economical, Non-Economical, Special and Consequential Damages and other **Damages** against Defendant(s) within the jurisdictional limits of this Court.

29. The aforementioned conducts/acts of Defendants, and each of them, as herein alleged was **deliberate, intentional, were willful, wanton, malicious, oppressive, wrongful, illegal** and the conduct is **clearly despicable** as to causing injury that is subjected Plaintiff to **cruel and unjust hardship and in conscious disregard of Plaintiff's rights and safety.** As a direct and proximate result of the aforesaid, so as to justify any award. The defendant's actions were **Maliciously Oppressive, and Fraudulent** therefore Plaintiff is further entitled to **Punitive, Treble, Exemplary,** and **Compensatory,** damages in the sum of **One Billion Dollars ($1,000,000,000.00¢)** and **Special and Consequential Damages** within the jurisdiction limits of this court, in the sum presently unknown to the Plaintiff, which will be proven at trial. Plaintiff

has suffered **Intentional Infliction of Emotional Distress;** Negligent Infliction of Emotional Distress; Intentional Interference of Emotional Tranquility; Negligent Interference of Emotional Tranquility; **Deliberate Indifference and Mental Anguish**, all to his general damages in an amount to be proven at trial.

30. As a direct and legal result of the conduct of the Defendants, and each of them, as herein alleged, and the extremely intrusive nature of Plaintiff's constitutionally – protected rights to privacy as protected by the **First, Ninth and Fourteenth Amendments of the United States Federal Constitution, The Civil Rights Act,** The American with Disabilities Act of 1964, **Unruh Civil Rights Act, Civil Conspiracy and the Constitution of the State of California were all violated.**

31. At all times herein mentioned, JOHN DOE(S) and/or JANE DOE(S) (herein referred to as the Defendants) defendants: 1 through 200 are persons who capacities are unknown currently to plaintiff at the time of filing is and at all times mentioned as a form unknown to Plaintiff doing business in the County of Los Angeles, State of California.

32. The full extent of the facts linking the fictitiously designated Defendants (DOES) with each cause of action alleged herein is unknown to Plaintiff and the true names and capacities, whether individual, plural corporate, partnership, associate, or otherwise of Defendants named herein as DOES 1 through 200, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants designated herein as a DOE is negligently, recklessly, intentionally, tortuously and unlawfully responsible in some manner for the events and happenings herein referred to and negligently, tortuously, unlawfully and legally caused injury and damages thereby to Plaintiff as herein alleged.

## VENUE AND JURISDICTION

33. Venue is proper Pursuant to **Code of Civil Procedure Section §395(a)** in the above-entitled Court, as Defendants, or some of them reside in the State of California, in this County of Los Angeles, Further, based on information and belief, because all Defendants conducted business operations in the State of California and in the County of Los Angeles, in addition, witnesses either work or live within the County of Los Angeles, and a substantial part of the

events, acts conduct and/or omissions giving rise to this action charged herein occurred in this County.

34. This court is the proper court because injury to person or damage to personal property occurred in its jurisdictional area. This court has jurisdiction over this action under **Article IV. Section §10** of the California Constitution and **Code of Civil Procedure Section §410.10.**

35. Jurisdiction over the Defendants is proper because they are either (1) Corporations or associations organized and existing or with their principal or one of their primary places of business located in the State of California and/or have purposely availed themselves of the privilege of conducting business activities in California because they currently maintain systematic and continuous business contacts with this state, are licensed to do business in this State, or (2) individuals who are citizens of and/or reside and work within this state.

36. Plaintiff as herein alleged that was not the personal conduct of an individual defendant and was the personal conduct of agents, servants, partners, independent contractor, coventurer, co-tortfeasor, employers and employees of said defendant(s) acting within the course, purpose and scope of said agency, and employment with the permission and consent of each other Defendants, and each of them in their individual capacities and employment is liable in some manner and that such negligent conduct was authorized or ratified by said defendants' and in the case of any corporate defendant engaged is authorized or ratified such conduct to which caused damages to Plaintiff, complained thereof herein this Complaint.

37. At all times herein mentioned, each Defendant was acting as either an individual, agents, partners, servants, employees, corporation, partnership, association, group or public entity and/or joint ventures of each of the remaining Defendants and were at all times herein mentioned acting within the course, scope and purpose of said agency, employment, business enterprise and joint venture doing business or carrying on activities in California.

38. At all times herein mentioned, Plaintiff is informed and believe and based upon such information and belief thereon allege that Defendants, and each of them, were agents, servants, independent contractors, employers and employees of each of the remaining defendants, and acted at all times of each other and were acting within the course, purpose and scope of said agency, employment, independent contractors, or service and with the permission and consent of each other Defendants and in said capacity therefore to which caused directly Plaintiff, **WILLIAMS,** to sustained his injuries.

39. At all relevant times herein, Defendants and DOES 1 through 200, inclusive, and each of them, conspired and ratified the acts of each other and the remaining Defendants named herein, Further, Defendants and DOES 1 through 200, inclusive, committed all tortuous and wrongful acts, herein mentioned within the County of Los Angeles, State of California.

40. Plaintiff is informed and believes and base upon such information and belief thereon alleges that all Defendants sued herein DOES are in some manner responsible for the acts herein alleged.

41. The matter in controversy exceeds *Twenty-Five Thousand Dollars* ($25,000) exclusive of interest and costs. It was probable that Defendants' conduct would cause damage to Plaintiff and Plaintiff is informed and believes and based thereon alleges that Defendants made a [conscious] and willful decision to engage in such conduct despite the probability of such damages. The *conduct was despicable and in conscious disregard of Plaintiff's rights* thus, the conduct constituted [m]alice entitling Plaintiff to *Punitive Damages* for the **OVERT ACT**.

42. Plaintiff alleges that the acts of defendants were negligent and the overt acts were the legal (proximate) cause of injuries and damages to plaintiff. By the following overt acts or omissions to act, the defendant negligent overt actions occurred on or about between **from August 2021 thru Now at the time of this filing.** All of the Plaintiff's losses were, are and will be due the carelessness and negligence of the Defendants.

43. As a direct and proximate result of the wrongful acts and omissions of the Defendants complained of herein the Defendants are liable to Plaintiff for damages in the sum of more than **One Billion Dollars ($1,000,000,000.00¢) and Plaintiff Demands A Trial By Jury.**

## GENERAL ALLEGATIONS

44. Plaintiff repeats, re-alleges, adopts and incorporates by reference all of the facts with each and every allegation contained in paragraphs **1 through 43,** inclusive set forth above and further alleges them herein by this reference.

45. Plaintiff alleges that the acts of defendants were negligent and the overt acts were the legal (proximate) cause of injures and damages to Plaintiff. By the following overt acts or omissions to act, the defendants negligent over action occurred on or about between **from August 2021 thru Now at the time of this filing.**

46. On information and belief, Defendants, and each or them, did at all material times foresee the nature and extent of the probable consequences of their acts in proximately causing said damages to Plaintiff, and acted within the course and scope of such services, agency, employment, business, enterprise and joint venture, and with the knowledge, permission, and authority, actual and apparent, expressed and implied, direct and vicarious of the Defendants and Orders of each supervisory personnel of the remaining Defendants, and each of them.

47. Such combined injuries have caused and will continued to cause Plaintiff, **WILLIAMS,** great mental, physical and emotional pain and suffering, worry and anxiety and loss of enjoyment of life.

48. Defendant, through their vile conduct mentioned above acted with malice and oppression and with the intent to vex, annoy, frighten, and severely injure the Plaintiff. Plaintiff is therefore entitled to Plaintiff is therefore entitled to *Statutory, General, **Punitive**, **Treble**, Compensatory, **Monetary**, Nominal, **Exemplary**, Economical, Non-Economical, Special and Consequential Damages and other **Damages** against Defendant(s)* **_in an amount to make an example of said Defendants._**

49. As a further direct and legal result of the Defendant's above-mentioned malicious conduct the Plaintiff has suffered a loss of earned income, loss of future earned income, and diminished earning capacity in an amount according to proof at the time of trial.

50. For attorney fee as provided by law and by Government **Code Section §12965 (b); 42 U.S.C. §§12101 and 12102 et seq.** and California **Civil Code §3294 et seq.,** in an amount sufficient to deter any further future herein acts and to make an example out of Defendants and DOES 1 through 200;

51. Plaintiff hereby request an award of his Attorneys' fees as a prevailing party under the terms stated in Government **Code Section §12965 (b); 42 USC §1983 et seq., §§1985-1988,** California **Civil Code §52 and §3294 et seq.,** in an amount sufficient to deter any further future herein acts and to make an example out of Defendants and DOES 1 through 200; As a direct and proximate result of the wrongful acts and omissions of the Defendants complained of herein the Defendants are liable to Plaintiff for damages in the sum of **(Five Hundred Million Dollars) $500,000,000.**

52. Plaintiff hereby request an award of his Attorneys ' fees as a prevailing party under the terms stated in Government **Code Section §12965 (b); 42 U.S C. §§12101 and 12102 et seq.**

and California **Civil Code §3294 et seq.,** in an amount sufficient to deter any further future herein acts and to make an example out of Defendants and DOES 1 through 200; As a direct and proximate result of the wrongful acts and omissions of the Defendants complained of herein the Defendants are liable to Plaintiff for damages in the sum of **One Billion Dollars ($1,000,000,000.00¢) and PLANTIFF DEMANDS A TRIAL BY JURY.**

## FACTUAL ALLEGATIONS

53. Plaintiff repeats, re-alleges and incorporates by reference all those facts with each and every allegation contained in paragraphs **1 through 52,** inclusive above and further alleges them herein by this reference.

54. Plaintiff, **WILLIAMS,** alleges causes of action against Defendants:
   A. **TAHAZ MOTORS GROUP, INC.,** a California Corporation, individually, **dba:** TMG Auto Sales, *aka:* TMG Auto Group, a California Corporation, (C4257681) **individually;**
   B. **WISSAM NAJI TAHA,** **aka:** Sam Taha, **individually,** and in his official capacity as DIRECTOR, of TMG Auto Sales, **aka:** Tahaz Motors Group, Inc., **dba:** TMG Auto Group, a California Corporation, (C4257681) **individually;**
   C. **SAM TAHA,** **aka:** Wissam Naji Taha, and in his official capacity as PRESIDENT/CEO/CFO/SECRETARY and as various other names being used as the owner of TAHAZ MOTORS GROUP, INC., a California Corporation, individually, **dba:** TMG Auto Sales, as a California Corporation, (#C4257681) individually, **aka:** TMG Auto Group, *individually;*
   D. **FABIO LOZANO,** individually; **aka:** John Doe Salesman, **individually;**
   E. **JOHN DOE(S) individually; and JANE DOE(S) individually;**
   F. and DOES 1 through 200, inclusive,

55. **Each Defendant named above is a natural person except Defendants(s):**
   a) **TAHAZ MOTORS GROUP, INC.,** a California Corporation, individually, **dba:** TMG Auto Sales, *aka:* TMG Auto Group, a California Corporation, (C4257681) **individually;**

56. JOHN DOES(S) and/or JANE DOE(S) defendants: 1-200 are persons who capacities are unknown currently to plaintiff at the time of filing.

57. At all times mentioned Plaintiff, **WILLIAMS** (hereinafter identified as "Plaintiff" throughout this complaint) is a citizen of the State of California is a competent adult and at all times mentioned herein is a resident of the County of Los Angeles, State of California.

58. Plaintiff alleges that the acts of Defendants were negligent and the overt acts were the legal (proximate) cause of injures and damages to Plaintiff. By the following overt acts or omissions to act, the Defendants negligent overt actions occurred on **from August 2021 thru Now at the time of this filing** at or around about.

59. At all times herein mentioned, JOHN DOE(S) AND/OR JANE DOE(S) (herein referred to as the Defendants) is and at all times mentioned as a form unknown to Plaintiff doing business in the County of Los Angeles, State of California.

60. As a direct and proximate result of the wrongful acts and omissions of the Defendants complained of herein the Defendants are liable to Plaintiff for damages in the sum of more than **One Billion Dollars ($1,000,000,000.00¢)**

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, **B. WILLIAMS,** prays for an additional judgment against the Defendants, each of them, jointly and severally, awarding him statutory damages, general, special, punitive, compensatory, treble, special and consequential damages, monetary, nominal, exemplary, economical, non-economic damages and for cost of suit herein, Pre-judgment interest, at the legal rate of **10% per annual from August 2021 thru Now at the time of this filing** for attorney fee as provided by Government Code Section § 12965 (b); 42 U.S.C. §§12101 and 12102 et seq., California **Civil Code §3294 et seq.,** For attorney fee as provided by law and by 42 U.S. C. 1983, §§1985-1988, and California **Civil Code §52 and §3294 et seq.,** in an amount sufficient to deter any further future herein acts and to make an example out of Defendants and DOES 1 through 200 and for such other and further relief as the court may deem just and proper as well as damages in the amount of **One Billion Dollars ($1,000,000,000.00¢) and PLAINTIFF DEMANDS A TRIAL BY JURY**.

a) **WHEREFORE,** the Plaintiff, **B. WILLIAMS,** prays for an additional judgment against the Defendants, each of them, jointly and severally, awarding him statutory damages, general,

special, punitive, compensatory, treble, special and consequential damages, monetary, nominal, exemplary, economical, non-economic damages and for cost of suit herein, Pre-judgment interest, pursuant to **Civil Code §3291** at the legal rate of **10% per annual from August 18th, 2021 thru Now at the time of this filing** or Pursuant to Code of Civil Procedure §§3287-3289 and §3291; For Attorney Fees as provided by law and by **Government Code Section §12965 (b); 42 U.S.C. §1983** and Sections **§§1985-1988; §§ 12101 and 12102 et seq.**, as well as other damages as cited above-herein for a **Civil Penalty** of **§25,000.00** pursuant to **Civ. Code. §52. (a)(b)(1)(2) and Civ. Code. §52.1 (a)(b)** the violations listed as Plaintiffs causes of actions that each of the Defendants owe to Plaintiff as a citizen of the United States of America, as provided by law and by California **Civil Code §52 and §3294 et seq., Code Civ. Proc., 1021.1 and 1021.5,** and California **Penal Code §1202.4** an amount appropriately sufficient for the purpose **to punish** Defendants **for their conduct** and **to deter others** from engaging in similar misconduct of **Malice, Oppression, Fraud, etc ...**; in any further future herein acts and to make an example out of Defendants and DOES 1 through 200 and for other further relief as the court may deem just and proper as well as damages in the amount of **One Billion Dollars ($1,000,000,000.00¢) and PLAINTIFF DEMANDS A TRIAL BY JURY.**

b) **Wherefore,** Plaintiff respectfully request that the Court enter judgement in his favor and prays for judgment against all Defendants and each of them with the cost of this action as follows:

1. For Statutory Damages, not less than **$4,000.00** per occurrence as afforded by **Civil Code §52(a).** For violations on the date of each incident that injury occurred to Plaintiff;
2. Awarding Plaintiff General Damages in the sum of **One Billion Dollars ($1,000,000,000.00¢) and PLANTIFF DEMANDS A TRIAL BY JURY,** an amount in excess of the jurisdictional threshold of this Court;
3. For Compensatory Damages in an amount to be proven at trial;
4. For Punitive Damages, in the sum of **$500,000,000;** or **Pursuant to Civil Code Section §3294** in an amount appropriately sufficient for the purpose **to punish** Defendants **for their conduct** and **to deter others** from engaging in similar misconduct of **Malice, Oppression, Fraud, etc ...**; in any further future herein acts and to make an example out of Defendants and DOES 1 through 200;

5. For Treble Damages, **Pursuant to Civil Code Section §§3333.4** in the sum of **$500,000,000; or Pursuant to Civil Code Section §§3294 and 3345** in an amount appropriately sufficient for the purpose to punish Defendants for their conduct and to deter others from engaging in similar misconduct of **Malice, Oppression, Fraud, etc ...;** in any further future herein acts and to make an example out of Defendants and DOES 1 through 200;

6. For Special and Consequential Damages, to the extent allowed by law in the sum of **$300,000,000.00¢;** an amount in excess of the jurisdictional threshold of this Court;

7. For Monetary Damages in an amount to be proven at trial;

8. For Nominal Damages in an amount to be proven at trial;

9. For Exemplary Damages in an amount to be proven at trial; an amount appropriate for an amount appropriately sufficient for the purpose to punish Defendants for their conduct and to deter others from engaging in similar misconduct of **Malice, Oppression, Fraud, etc ...;** in any further future herein acts and to make an example out of Defendants and DOES 1 through 200;

10. For **Economic Damages** including past and future lost earnings, in an amount to be proven at trial;

11. That Defendants be ordered to pay Plaintiff's sum for Loss of Income and earnings capacity including both past and future lost earnings, in an amount to be proven at trial;

12. That Defendants be ordered to pay Plaintiff's sum for **Non-Economic Damages** including both past and future lost earnings, in an amount to be proven at trial;

13. Awarding Plaintiff fees and cost allowable by law;

14. Awarding Plaintiff cost of suit herein incurred allowable by law;

15. For cost of suit incurred herein by Plaintiff, in obtaining the benefits due Plaintiff and for violations of Plaintiff's Civil Rights as set forth above;

16. Pre-judgment interest, pursuant to **Civil Code §3291** at the legal rate of **10% per annual from August 2021 thru Now at the time of this filing** or Pursuant to **Code of Civil Procedure §3287;** and any and all other interest allowed as provided by law;

17. For Pre-judgment interest pursuant to **Civil Code §3291** and post-judgment interest at the legal rate of **10% per annual from August 2021 thru Now at the time of this filing** and any and all other interest allowed as provided by law;

18. For Attorney fees as provided by law and by Government **Code Section §12965 (b); 42 U.S.C. 1983, §§1985-1988,** California **Civil Code §52, Civ. Code. §52.1(a)(b) and §3294 et seq.,** in an amount sufficient to deter any further future herein acts and to make an example out of Defendants and DOES 1 through 200;

19. For Attorney fees as provided by law and by Government **Code Section §12965 (b); 42 U.S.C. §§12101 and 12102 et seq.** and California **Civil Code §3294 et seq.,** in an amount sufficient to deter any further herein acts and to make an example out of Defendants and DOES 1 through 200;

20. For Reimbursement of the cost, including attorney fees, as afforded under applicable law, including but not limited to **Code Civ. Proc., §§998, 1021.1 and 1021.5,** and for a contingency fee enhancement beyond the lodestar in accordance with **Ketchum vs. Moses,** (2001) 24 Cal. 4th 1122, [104 Cal. Rptr. 2d 377] 17 P.3d 735 and related authorities;

21. For Attorney fees as provided by law and by California **Civil Code §52; Civ. Code. §52.1(a)(b) and §3294 et seq., Code Civ. Proc., 1021.1 and 1021.5,** and California **Penal Code §1202.4** an amount appropriately sufficient for the purpose **to punish** Defendants **for their conduct** and **to deter others** from engaging in similar misconduct of **Malice, Oppression, Fraud, etc ...;** in any further future herein acts and to make an example out of Defendants and DOES 1 through 200;

22. For a **Civil Penalty** of **§25,000.00** per occurrence as afforded by pursuant to **Civ. Code. §52. (a)(b)(1)(2)** and, for a **Civil Penalty** of **§25,000.00** per occurrence as afforded by pursuant to **Civ. Code. §52.1 (a)(b)**

23. For Joint and Severable Liability of all Defendants' and

24. That Judgement be entered in favor of Plaintiff;

25. Awarding Plaintiff for such other and further relief as the court my deem just, proper, appropriate and equitable in the premises.

**WHEREFORE,** for all of the foregoing reasons Plaintiff has stated a cause of action against each of the Defendants, each of them, jointly and severally, in their individual and official capacities and is entitled to awarding him general, special, punitive, compensatory, treble, monetary, nominal, exemplary, economical, non-economic damages cost of suit herein, Pre-judgment interest, pursuant to **Civil Code §3291** at the legal rate of **10% per annual from August 2021 thru Now at the time of this**

filing or Pursuant to Code of Civil Procedure §§3287-3289 and §3291; For Attorney Fees as provided by law and by **Government Code Section §12965 (b); 42 U.S.C. §1983** and Sections **§§1985-1988; §§ 12101 and 12102 et seq.,** as well as other damages as cited above-herein for a **Civil Penalty** of **§25,000.00** pursuant to **Civ. Code. §52. (a)(b)(1)(2) and Civ. Code. §52.1 (a)(b)** the violations listed as Plaintiffs causes of actions that each of the Defendants owe to Plaintiff as a citizen of the United States of America, as provided by law and by California **Civil Code §52, Civ. Code. §52.1(a)(b) and §3294 et seq., Code Civ. Proc., 1021.1 and 1021.5,** and California **Penal Code §1202.4** an amount appropriately sufficient for the purpose **to punish** Defendants **for their conduct** and **to deter others** from engaging in similar misconduct of **Malice, Oppression, Fraud, etc ...;** in any further future herein acts and to make an example out of Defendants and DOES 1 through 200 and for other further relief as the court may deem just and proper as well as damages in the amount of **One Billion Dollars ($1,000,000,000.00¢) and PLAINTIFF DEMANDS A TRIAL BY JURY.**

I declare under the penalty of perjury that all of the information, statements and allegations alleged in this complaint are true, correct and complete and to those matters stated on information and belief, I believe them to be true.

**DATED:** August 7th, 2023

Respectfully, submitted

B. WILLIAMS, PLAINTIFF, IN PRO SE
On behalf of himself, the general public and on Behalf of all other persons and class similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to **Code of Civil Procedure §631** for himself, the general public and on behalf of all other persons and class similarly situated, on all claims so triable.

**DATED:** August 7th, 2023

Respectfully, submitted

B. WILLIAMS, PLAINTIFF, IN PRO SE
On behalf of himself, the general public and on Behalf of all other persons and class similarly situated

